UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                        CIVIL CASE NO.:

D.R. HORTON, INC.,

      Defendant.

_____/

## COMPLAINT

      The United States of America ("United States"), through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Secretary of the Army acting through the United States Army Corps of Engineers ("Corps"), alleges as follows:

### NATURE OF THE ACTION

      1.      This is a civil action commenced under (*inter alia*) sections 309 and 404 of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1319 and 1344, against Defendant D.R. Horton, Inc. ("Defendant") for discharging pollutants into waters of the United States in Manatee County, Florida without authorization, in violation of CWA section 301(a), 33 U.S.C. § 1311(a). The alleged CWA violations resulted from construction activities associated with a residential housing development project generally known as "Del Tierra."

      2.      The United States seeks: (a) injunctive relief prohibiting Defendant from further unauthorized discharges of pollutants; (b) injunctive relief compelling Defendant to

mitigate for the impacts of the unauthorized discharges of pollutants; and (c) a civil penalty in favor of the United States and against Defendant; and (d) such other relief as the Court may deem appropriate.

3.      The United States has provided notice of the commencement of this action to the State of Florida pursuant to 33 U.S.C. § 1319(b).

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of the Complaint pursuant to, at least, 28 U.S.C. §§ 1331 and 1345.

5.      Venue is proper in the Middle District of Florida pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (c) because Defendant conducts business in this District; the waters of the United States into which pollutants were discharged without authorization are located in this District; and the cause of action alleged herein arose in this District.

## PARTIES

6.      Plaintiff is the United States of America, and authority to bring this action is vested in the United States Department of Justice pursuant to Section 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

7.      Defendant is D.R. Horton, Inc.

8.      Defendant D.R. Horton, Inc. is a corporation formed under the laws of Delaware and conducts business in Manatee County, Florida.

## STATUTORY AND REGULATORY BACKGROUND

9.      Section 101(a) of the CWA, 33 U.S.C. § 1251(a), provides that "[t]he objective of this chapter is to restore and maintain the chemical, physical, and biological integrity of the Nation's waters."

10.     Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person" except (*inter alia*) as authorized by a permit issued by the Corps pursuant to section 404 of the CWA, 33 U.S.C. § 1344.

11.     CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Corps of Engineers ("Corps"), to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public hearing.

12.     Section 502(5) of the CWA, 33 U.S.C. § 1362(5), defines "person" to include (*inter alia*) a "corporation."

13.     Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines "discharge of a pollutant" as "any addition of any pollutant to navigable waters from any point source."

14.     Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines "pollutant" to include (*inter alia*) "dredged spoil," "biological materials," "rock," "sand," and "cellar dirt."

15.     Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

16.     Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

17.     Section 309(b) of the CWA, 33 U.S.C. § 1319(b) authorizes the commencement of a civil action for appropriate relief, including an injunctive relief, against any person who, *inter alia*, violates 33 U.S.C. § 1311(a) by discharging dredged or fill material without obtaining and complying with a permit issued by the Corps pursuant to 33 U.S.C. § 1344.

18.      Section 309(d) of the CWA, 33 U.S.C. § 1319(d) provides that any person who violates 33 U.S.C. § 1311(a) shall be subject to a civil penalty not to exceed $25,000 per day for each violation.

19       Each day that dredged or fill material remains in the place where it was discharged without authorization constitutes an additional and continuing violation of the CWA, 33 U.S.C. § 1311(a).

20.      Liability for violating the CWA, 33 U.S.C. § 1311(a), is strict, joint, and several.

## FACTUAL BACKGROUND

21.      The alleged CWA violations occurred in approximately 15.69 acres of waters of the United States located on an approximately 234-acre real property site ("Site") in Manatee County, Florida, located west of Rye Road and south of Upper Manatee River Road.

22.      At all relevant times, the Site contained depressional and riparian wetlands, that were part of a larger wetlands complex that abutted or was otherwise adjacent to waters that are tributary to the Manatee River, or that has a significant nexus to waters that are tributary to the Manatee River.

23.      At all relevant times, the wetlands at the Site contain had a continuous surface water connection to the Manatee River, which flows into the Gulf of Mexico at the southern edge of Tampa Bay.

24.      Some of the impacted wetlands at the Site are directly abutting an unnamed tributary of Mill Creek; that unnamed tributary is a relatively permanent water. The remaining impacted wetlands at the Site are part of a linear wetland system that includes ditches and drains into the unnamed tributary of Mill Creek before it joins the Manatee River.

25.     Appendix A hereto illustrates the location on the Site of the alleged CWA violations (with impacted areas shown).

26.     Appendix B hereto provides a legal description of the Site.

27.     At all relevant times, Defendant owned or controlled the Site.

28.     The Manatee River, in all relevant locations, is a traditional navigable water.

29.     The Manatee River has a watershed of over 360 square miles, and contributes flow to Tampa Bay.

30.     At all relevant times, the Site's wetlands, either alone or in combination with similarly situated lands in the region, significantly affected the chemical, physical, or biological integrity of the Manatee River.

31.     At all relevant times, the Site's wetlands had a surface water connection to a tributary to the Manatee River.

## COUNT I: UNAUTHORIZED DISCHARGES OF POLLUTANTS
## IN VIOLATION OF 33 U.S.C § 1311(a)

32.     The United States repeats the allegations set forth in Paragraphs 1 through 31 of this Complaint.

33.     Defendant is a "person" under 33 U.S.C. § 1362(7). Defendant owned and/or otherwise controlled the property on which each unauthorized discharge of dredged or fill material into waters of the United States occurred.

34.     Beginning in or about mid-2015, and continuing through at least July 2016, Defendant or persons acting at Defendant's behest discharged dredged or fill material to waters of the United States at the Site from one or more point sources.

35.     Defendant and/or persons acting on Defendant's behalf used mechanized land-clearing and earthmoving equipment to accomplish the discharges. These items of

equipment constitute "point sources" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

36.     Defendant's activities at the Site resulted in the unauthorized discharge of dredged or fill material into waters of the United States. The dredged or fill material that Defendant and/or persons acting on Defendant's behalf caused to be discharged includes, among other things, dirt, spoil, rock, sand, and earthen material, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

37.     At no relevant time did Defendant or any person on Defendant's behalf obtain and comply with a permit issued by the Corps pursuant to section 404 of the CWA, 33 U.S.C. § 1344, authorizing any discharge of pollutants at the Site. Defendant had no authorization for any discharges at the Site.

38.     Defendant violated and remains in violation of 33 U.S.C. § 1311(a).

<div align="center">

**REQUEST FOR RELIEF**

</div>

WHEREFORE, the United States respectfully requests that this Court order the following relief:

Enjoin Defendant from further discharges of pollutants except as in compliance with the CWA;

Require Defendant to mitigate for impacted waters of the United States;

Assess and direct Defendant to pay a substantial civil penalty; and grant the United States such other relief as the Court finds appropriate.

Respectfully submitted,

JEFFERY BOSSERT CLARK
Assistant Attorney General
Environment and Natural Resources Division

MARIA CHAPA LOPEZ
United States Attorney

Dated: September 28, 2020

/s *Martin F. McDermott*
Martin F. McDermott, Trial Counsel
United States Department of Justice
Environmental Defense Section
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC 20044
(202) 514-4122 (p)
(202) 514-8865 (f)
martin.mcdermott@usdoj.gov

Lacy R. Harwell, Jr.
Assistant United States Attorney
Fla. Bar No. 714623
Office of the U.S. Attorney, M.D. Fla.
400 N. Tampa Street, Suite 3200
Tampa, FL 33602
(813) 274-6000
randy.harwell@usdoj.gov

*Attorneys for the United States*

*Of counsel*:

Joshua Holmes
Principal Assistant District Counsel for Regulatory
U.S. Army Corps of Engineers, Jacksonville District
701 San Marco Boulevard
Jacksonville, FL 32207
(904) 232-2015 (t)
Joshua.R.Holmes@usace.army.mil

APPENDICES TO THIS COMPLAINT:

Appendix A: Map showing the location of the Site's wetlands that Defendant filled

Appendix B:   Legal description of the Site

Appendix A

April 1, 2014 Google Earth Aerial Photo



January 28, 2019 Google Earth Aerial Photo



Impacts shown in orange and yellow.

Appendix B



UPPER MANATEE RIVER ROAD
N 89°27'26" W 2664.57'
N 89°27'35" W 2644.67'
FND. NB NO ID
N. 1/4 CORNER
COUNTRY MEADOWS PHASE II
P.B. 50, PG. 16
LOT 2024
LOT 2025
LOT 2026
LOT 2027
LOT 1036
LOT 1037
LOT 1038
LOT 1039
LOT 1040
LOT 1041
LOT 1042
4' B.W. FENCE
233. 25 ACRES
N 00°37'11" E 2850.00' O/A
COUNTRY MEADOWS PHASE I
P.B. 46, PG. 73
S 39°29'23" E 2112.60'
CONCRETE SIDEWALK 5' WIDE
24' ASPHALT PAVEMENT
RYE ROAD
MAINTAINED R/W LINE
S 50°18'20" W 1653.34' (O/A)
NOT INCLUDED
PARCEL OF LAND
O.R.B. 2279, PG. 7846
S 89°08'46" W 1266.65'
RETAINING WALL W/C.L.FENCE
N 89°12'23" W 1325.57'
N 89°08'39" W
P.O.B.
P.O.C
N 89°32'16" W 2638.27'
TRACT "E"
COUNTRY CREEK SUBDIVISION
P.B. 33, P.38
GENE WT EEMENTARY SCHOOL
O.R.B. 129, PG. 1402
DEED R/W LINE
BENCHMARK
MANCO BMRS
24.90 NGVD29

CERTIFIED TO:

D.R. HORTON, INC., A DELAWARE CORP.

OLD REPUBLICNATIONAL TITILE INSURANCE COMPANY
AKERMAN SENEERFITT

**INE DATA TABE**

| LINE | BEARING | DISTANCE |
|---|---|---|
| L2 | N 33°14"08" W | 4715 |
| L3 | S 80 " W | 22.72 |
| L4 | 08°38"31 | 57.50 |
| L7 | | 44.96 |
| | | 5 47 |
| L9 | 1" W | 46.95 |
| LS | S ° | 1 |

## DESCRIPTION:

A PARCEL OF LAND LYING IN SECTIONS 22 AND 23, TOWNSIHIP 34 SOUTH, RANGE 19 EAST, MANATEE COUNTY, FLORIDA. BEING DESCRIBED AS FOLLOWS: COMENCE

AT THE SOUTHEAST CORNER OF SAID SECTION 22; THENCE N 89°08"39" W, ALONG THE SOUTH LINE OF SAID SECTION 22, A DISTANCE OF 1127.23 FEET TO THE POINT OF BEGINNING; THENCE CONTINUE N 89°08"39" W, ALONG SAID SOUTH LINE, A DISTANCE OF 197.63 FEET; THENCE N 89 12"23" W, A DISTANCE OF 1325.57 FEET TO THE SOUTH 1/4 CORNER OF SAID SECTION 22;

THENCE N 00°37'11" E, ALONG THE WEST LINE OF THE EAST 1/2 OF SAID SECTION 22, A DISTANCE OF 2850.00 FEET; THENCE S 89°59"58", A OISTANCE OF 2682.36 FEET; THENCE S 39°59'27" E, A DISTANCE OF 241.57 FEET; THENCE N 82°57'16" E, A DISTANCE OF 175.72 FEET; THENCE S 39 29"23" E, A DISTANCE OF 2112.6 FEET TO AN INTERSECTION WITH THE NORT ESTERLY RIGHT OF WAY LINE OF RYE ROAD; THENCE S 50°18"20" W, ALONG SAID NORTHWESTERLY RIGHT OF WAY LINE, A DISTANCE OF 1653.34 FEET; THENCE ALONG THE N THERLY LINE OF A PARCEL OF LAND AS DESCRIBED IN OFFICIAL RECORD BOOK 2279, PAGE 7846 OF THE PUBLIC RECORDS OF MANATEE COUNTY, FLORIDA THE FOLLOWING EIGHTEEN (18) COURSES: (1) N 33°14'08" W, A DISTANCE OF 47.15 FEET; (2) S 80°36'39" W, A DISTANCE OF 22.72 FEET; (3) S 08°38'31" W, A DISTANCE OF 57.50 FEET; 4 N 64°37"11" W, A DISTANCE OF 44.96 FEET; (5) N 63°36'00" W, A DISTANCE OF 51.47 FEET; (6) N 73°17"53" W, A DISTANCE OF 9.90 FEET; (7) N 39 30"10" W, A DISTANCE OF 85.22 F ET; (8 N 08°51"23" E, A DISTANCE OF 46.95 FEET; (9) N 1 05 49 ... (11) S 89°08'46" W, A DISTANCE OF 1266.65 FEET; (10) ... A DISTANCE OF 37.34 FEET; {12) S 20 32"29" W, A DISTANCE OF 50.03 FEET; (13} S 65°56'05" W, A DISTANCE OF 50.27 FEET; ( 4 02 00 E 2 18 5) S 43°46"03" W, A DISTANCE OF 46.41 FEET; {16) S 18°50"14" W, A DISTANCE OF 50.02 FEET; (17} S 23 36"13" W, A DISTANCE OF 32.31 FEET;

(18) S 01° 07'36" W, A DISTANCE OF 39.11 FEET TO THE POINT OF BEGINNING.

CONTAINING 233.25 ACRES, MORE OR LESS.

NOTES:

1. BEARINGS ARE BA ED ON THE SOUTH LINE OF THE SOUTHEAST QUARTER OF SOUTHEAST QUART R OF SECTION 22, TOWNSHIP 34 SOUTH, RANGE 19 EAST, HAVING A BEARING OF N 89°08"39" W. THESE BEARINGS ARE BASED ON THE FLORIDA STATE PLANE COORDINATE GRID (WEST ZONE) NAD 83/90 AND ARE DERIVED FROM THE MANATEE COUN1Y CORS STATION "MANATEE G STROOP CORS ARP" {PID DL7628).
2. TITLE INFORMATION IS BASED ON OLD R UBLIC NATIONAL TITLE INSURANCE COMPANY COMMITIMENT NUMBER 15–2013–0001551 WITH AN EFFECTIVE DATE OF MARCH 1. 2013.
3. THIS SURVEY WAS UNDERTAKEN USING A TRIMBLE RB GPS IN REAL TIME KINEMATIC MODE BASED ON FOUND EVIDENCE ESTABLISHED DURING THE MANATIEE COUNTY 1988 GIS SURVEY. REDUNDANCY WAS ACHIEVED BY MULTIPLE OCCUPATIONS OF POINTS DURING VARYING SATELLITE CONFIGURATIONS.
4. THERE AY BE PORTIONS OF THIS PARCEL WHICH MAY BE E RMED JURISDICTIONAL BY VARIOUS GOVERNMENT AGENCIES. THESE POSSIBLE JURISDICTIONAL AREAS HAVE NOT BEEN DEALT WITH AS PART OF THIS SURVEY.
5. THIS PARCEL LIES IN FLOOD ZONE X AS SH N ON FIRM PANEL #120153-0220-C AND FIRM PANEL #120153–0360–C WITH AN EFFECTIVE DAE OF JUNE 30, 1999.

LEGEND:

| | |
|---|---|
| O | IRON ROD SET (5/8" LB # 6982) |
| | IRON MARKER FOUND (5/8" LB#6982, UNLESS OTHERI'nSE NOTED) |
| ® | NAIL & DISK (LS 6982, UNLESS OTHERWISE NOTED) |
| ■ | 4"X4" CONCRETE MONUMENT SET / 4"X4" CONCRETE MONUMENT FOUND (LS#6982, UNLESS OTHERh SE NOTED) |
| M | PERMANENT REFERENCE MONUMENT |
| PRC | PERMANENT CONTROL POINT |
| | POINT OF CURVATURE |
| PT | POINT OF TANGENC Y |
| | RADIAL LINE / REVERSE CURVATURE |
| PCC | POINT OF COMPOUND CURVATURE |
| (NR) | NON-RADIAL LINE |
| | CENTRAL ANGLE |
| | ARC LENGTH |
| R | RADIUS |
| | CHORD BEARING |
| | CHORD DISTANCE |
| | PLAT DATA |
| | FIELD DATA |
| | DEED DATA |
| ORB | OFFICIAL RECORD BOOK |
| D.B. | DEED BOOK |
| PG | PAGE |
| WD | WOOD |
| R/W | RIGHT OF WAY UNE |
| CONC | CONCRETE |
| RR | R ILROAD |
| ESMT | EASEMENT |
| CMF | CONCRETE MONUMENT FOUND |
| F.I.R. | FOUND IRON ROD |
| I.R.S. | IRO R D SET |
| POB | POINT OF BEGINNING |
| | BENCHMARK |
| | TIELEPHONE POLE |
| | FIRE HYDRANT |
| STG | STORAGE |
| | POINT ON LINE |
| SARCO | SARASOTA COUN1Y |
| P.O.C. | |
| (O/A) | OVERALL DISTANCE |

# BOUNDARY SURVEY

OF

## PARCEL OF LAND

LOCATED IN

SECTIONS 22 & 23, TOWNSHIP 34 SOUTH, RANGE 19 EAST

MANATEE COUNTY, FLORIDA

NOTE: THI SURVEY IS NOT VALID hTHOUT THE SIGNATURE AND ORIGINAL RAISED SEAL OF A FLORIDA LICENSED SURVEYOR AND MAPPER.

OLD JOB #Q0-42059

K:\Plot Files\Pojects\Reo...rye\Reo...rye.plt

**CERTIFICATE OF SURVEYOR**

I, THE UNDERSIGNED PROFESSIONAL SURVEYOR & MAPPER, HEREBY CER FY THAT THIS RECORD OF LAND SURVEY WAS PREPARED UNDER MY DIRECT SUPERVISION THAT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF IS A TRUE AND CORRECT REPRESENTATION OF THE LANDS AS SHOWN AND DESCRIBED HEREON, AND THAT IT MEETS THE MINIMUM TECHNICAL STANDARDS FOR SURVEYING IN THE STATE OF FLORIDA, CHAPTER 5J-17.050, OF THE FLORIDA ADMINISTRATIVE CODE.

FLORIDA CERTIFICATE LS4292

DAE OF CERTIFICATION 02/14/13

DATE OF FIELD SURVEY 02/11/13

BY: R.E.M. EDGERTON, P.S.M.

| REVISION | BY | OATE |
|---|---|---|

ZNS ENGINEERING

ENGINEERS | PLANNERS | SURVEYORS

LANDSCAPE ARCHITECTS | ENVIRONMENTAL CONSULTANTS

POST OFFICE BOX 948 BRADENTON, FL 34206 | 201 5th AVENUE DRIVE EAST BRADENTON, FL 34208

DRAWING: DATE 02/13/13 SCALE 1" = 200'

DRAWN JOB NO. 00-43331 FIELD BOOK 659 PAGE 57 SHEET 1 OF 1

© ZNS ENGINEERING. LC.
THIS DOCUMENT IS PROTECTED BY SECTION 106 OF THE "UNITED STATES COPYRIGHT ACT". REPRODUCTION OR ALTERATION OF THIS DOCUMENT OR THE INFORMATION CONTAINED HEREON BY ANY MEANS WHATSOEVER IS STRICTLY PROHIBITED WITHOUT THE PRIOR WRITTEN CONSENT OF ZNS ENGINEERING, L.C. CONSENT IS HEREBY GRANTED SPECIFICALLY TO GOVERNMENTAL AGENCIES TO REPRODUCE THIS DOCUMENT IN COMPLIANCE WITH F.S. CHAPTER 119.

A PARCEL OF LAND LYING IN SECTIONS 22 AND 23, TOWNSHIP 34 SOUTH, RANGE 19 EAST, MANATEE COUNTY, FLORIDA. BEING DESCRIBED AS FOLLOWS:

COMMENCE AT THE SOUTHEAST CORNER OF SAID SECTION 22; THENCE N 89°08'39" W, ALONG THE SOUTH LINE OF SAID SECTION 22, A DISTANCE OF 1127.23 FEET TO THE POINT OF BEGINNING; THENCE CONTINUE, N 89°08'39" W, ALONG SAID SOUTH LINE, A DISTANCE OF 197.63 FEET; THENCE N 89°12'23" W, A DISTANCE OF 1325.57 FEET TO THE SOUTH 1/4 CORNER OF SAID SECTION 22; THENCE N 00°37'11" E, ALONG THE WEST LINE OF THE EAST 1/2 OF SAID SECTION 22, A DISTANCE OF 2850.00 FEET; THENCE S 89°59'58" E, A DISTANCE OF 2682.36 FEET; THENCE S 39°59'27" E, A DISTANCE OF 241.57 FEET; THENCE N 82°57'16" E, A DISTANCE OF 175.72 FEET; THENCE S 39°29 '23" E, A DISTANCE OF 2112. 60 FEET TO AN INTERSECTION WITH THE NORTHWESTERLY RIGHT OF WAY LINE OF RYE ROAD; THENCE S 50°18'20" W, ALONG SAID NORTHWESTERLY RIGHT OF WAY LINE, A DISTANCE OF 1653.34 FEET; THENCE ALONG THE NORTHERLY LINE OF A PARCEL OF LAND AS DESCRIBED IN OFFICIAL RECORD BOOK 2279, PAGE 7846 OF THE PUBLIC RECORDS OF MANATEE COUNTY, FLORIDA THE FOLLOWING EIGHTEEN (18) COURSES: (1) N 33°14'08" W, A DISTANCE OF 47.15 FEET; (2) S 80°36'39" W, A DISTANCE OF 22.72 FEET; (3) S 08°38'31" W, A DISTANCE OF 57.50 FEET; (4) N 64°37'11" W, A DISTANCE OF 44.96 FEET; (5) N 63°36'00" W, A DISTANCE OF 51.47 FEET; (6) N 73°17'53" W, A DISTANCE OF 9.90 FEET; (7) N 39°30'10" W, A DISTANCE OF 85.22 FEET; (8) N 08°31'23" E, A DISTANCE OF 46.95 FEET; (9) N 11°05'49" W, A DISTANCE OF 37.34 FEET; (10) N 16°53'22" E, A DISTANCE OF 25.44 FEET; (11) S 89°08'46" W, A DISTANCE OF 1266.65 FEET; (12) S 20°32'29" W, A DISTANCE OF 50.03 FEET;

(13) S 65°56'05" W, A DISTANCE OF 50.27 FEET; (14) S 02°56'00" E, A DISTANCE OF 20.18 FEET; (15) S 43°36'03" W, A DISTANCE OF 46.48 FEET; (16) S 18°50'14" W, A DISTANCE OF 50.02 FEET; (17) S 23°46'18" W, A DISTANCE OF 32.31 FEET; (18) S 01°07'36" W, A DISTANCE OF 39.11 FEET TO THE POINT OF BEGINNING.

CONTAINING 233.25 ACRES, MORE OR LESS.