UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

   v.                      CIVIL CASE NO. 8:20-cv-02271-CEH-CPT

D.R. HORTON, INC.

   Defendant.
_____/

**CONSENT DECREE**

WHEREAS Plaintiff United States of America has filed a Complaint in this action alleging that Defendant D.R. Horton, Inc. ("Defendant") violated and remains in violation of the Clean Water Act ("CWA") section 301(a), 33 U.S.C. § 1311(a);

WHEREAS the Complaint alleges that Defendant's CWA violations resulted from construction activities occurring in 2014 through 2016, on real property located west of Rye Road and south of Upper Manatee River Road in Manatee County, Florida, in Sections 22 and 23 of Township 34 South and Range 19 East.

WHEREAS the Complaint alleges that Defendant's construction activities resulted in the unauthorized discharge of dredged or fill material into approximately 11.84 acres of waters of the United States in the form of wetlands that, at all relevant times, were part of a larger wetlands complex that abutted or

1

was otherwise adjacent to the traditionally navigable and tidal waters of the Manatee River;

WHEREAS the Complaint requests that the Court award injunctive relief and civil penalties;

WHEREAS Defendant does not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint;

WHEREAS the Parties recognize that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation among the Parties, and the Court by entering this Consent Decree finds that it is fair, reasonable, and in the public interest; and

WHEREAS in light of Defendant's execution of this Consent Decree and additional action, the Jacksonville District of the United States Army Corps of Engineers ("Corps") is withdrawing the Notice of Violation issued to Defendant on or about April 5, 2017, with such withdrawal being with prejudice upon both: (a) the United States' execution of this Consent Decree; and (b) the Court's entry of this Consent Decree; and

THEREFORE, before the taking of any trial testimony, and without the adjudication or admission of any issue of fact or law except as provided in Section I of this Consent Decree, and with the consent of the Parties by their authorized representatives, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## I. JURISDICTION, VENUE, AND SUFFICIENCY OF COMPLAINT

1. This Court has jurisdiction over the subject matter of the Complaint pursuant to at least 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the Middle District of Florida pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (c).

3. For purposes of this Consent Decree, including any action to enforce this Consent Decree, Defendant consents to personal jurisdiction and venue.

4. For purposes of this Consent Decree, including any action to enforce this Consent Decree, the Parties agree, and the Court finds, that the Complaint states claims upon which relief can be granted pursuant to CWA sections 301(a) and 309(d), 33 U.S.C. §§ 1311(a) and 1319(d).

## II. APPLICABILITY

5. This Consent Decree applies to and is binding upon the United States, and upon Defendant and any successors, assigns, or other persons otherwise bound by law whether or not such person has notice of this Consent Decree.

6. No transfer of ownership or control of the Site, of any portion of the Site, or of any less-than-fee-simple interest in the Site or a portion thereof (such as an easement or lease) shall relieve Defendant of any of its obligations in this Consent Decree. In any such transfer (with the exception of transfers of finished residential lots) occurring before this Consent Decree terminates under Paragraph 51 of this Consent Decree, Defendant shall reserve all rights necessary to comply with this

Consent Decree. At the time of such pre-termination transfer (with the exception of transfers of finished residential lots), Defendant shall provide a copy of this Consent Decree to the transferee, shall obtain the transferee's acknowledgement thereof, and, upon completion of such pre-termination transfer, Defendant shall provide written notice of the transfer and a copy of such acknowledgement to the United States at the addresses specified in Section X of this Consent Decree. Any attempted or actual pre-termination transfer of any interest in the Site without complying with this Paragraph constitutes a violation of this Consent Decree.

7. Defendant shall provide a copy of this Consent Decree to all officers and agents whose duties might reasonably include compliance with any provision of this Consent Decree. To the extent that Defendant retains any contractor or consultant to perform any obligation required under this Consent Decree, Defendant shall condition any such contract upon performance that conforms to the terms of this Consent Decree.

8. In any action to enforce this Consent Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, contractors, or consultants to take any actions necessary to comply with this Consent Decree.

### III. DEFINITIONS

9. Terms used in this Consent Decree that are defined in the CWA or in regulations promulgated pursuant to the CWA shall have the meanings assigned to them in the CWA or such regulations, unless otherwise provided in this Consent Decree.

10. Whenever the terms set forth below are used in this Consent

Decree, the following definitions shall apply:

"Complaint" shall mean the pleading filed by the United States that commenced this action;

"Corps" shall mean the United States Army Corps of Engineers, including its Jacksonville District, and any of its successor departments or agencies. Unless the context shows otherwise, all references to the United States herein shall include the Corps.

"Day" whether or not capitalized, shall mean a calendar day unless expressly stated to be a business day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day.

"Defendant" shall mean Defendant D.R. Horton, Inc.

"Effective Date" shall mean the date on which this Consent Decree is entered by the Court.

"Parties" shall mean the United States and Defendant.

"Site" shall mean the area containing approximately 233 acres consisting of wetlands and uplands in the location shown in Appendix A to this Consent Decree and having a legal description as set forth in Appendix B to this Consent Decree.

### IV. SCOPE, EFFECT, AND RESERVATION OF RIGHTS

11. This Consent Decree resolves the civil claims of the United States for the violations of the CWA alleged in the Complaint, subject to Defendant's compliance with this Consent Decree.

12. It is the express purpose of the Parties in entering this Consent Decree to further the objectives set forth in CWA section 101, 33 U.S.C. § 1251.

13. The Parties acknowledge that, as of the Effective Date of this Consent Decree, Nationwide Permit 32, 82 Fed. Reg. 1,992 (Jan. 6, 2017), provides CWA section 404 authorization, subject to the conditions provided in Nationwide Permit 32

and this Consent Decree, for any dredged or fill material that Defendant placed at the Site in conjunction with discharges alleged to be violations of the CWA in this Complaint.

14. This Consent Decree is not and shall not be interpreted to be a permit, or modification of any permit, under any federal, state, or local laws or regulations. Defendant is responsible for compliance with all applicable federal, state, and local laws, regulations, and permits; and Defendant's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth in this Consent Decree. The United States does not warrant that Defendant's compliance with any aspect of this Consent Decree will result in compliance with any provision of federal, state, or local laws, regulations, or permits. Further, in any Clean Water Act permit application, Defendant may not rely upon (a) any provision of this Consent Decree as part of any avoidance and minimization measures demonstration; or (b) any provision of this Consent Decree, including off-site compensatory mitigation, as part of any compensatory mitigation proposal.

15. Except as provided in Paragraph 14, nothing in this Consent Decree shall limit the ability of the Corps to issue, modify, suspend, revoke, or deny any individual permit or any nationwide or regional general permit, nor shall this Consent Decree limit the United States Environmental Protection Agency's ability to exercise its authority pursuant to CWA section 404(c), 33 U.S.C. § 1344(c).

16. This Consent Decree in no way affects the rights of the United States against any other person not a party to this Consent Decree.

17. The United States reserves all legal and equitable remedies available to enforce this Consent Decree and applicable law, except as expressly stated in Paragraph 11 of this Consent Decree. This Consent Decree shall not be construed to limit the rights of the United States to obtain remedies under the CWA or its implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in Paragraph 11 of this Consent Decree.

V. **REMEDIAL PROVISIONS**

A. CIVIL PENALTY

18. Within thirty (30) Days of the Effective Date of this Consent Decree, Defendant shall pay a civil penalty to the United States in the amount of Three Hundred Fifty Thousand Dollars ($350,000).

19. Payment to the United States shall be made in accordance with written instructions to be provided to Defendant by the United States Department of Justice following entry of this Consent Decree. Promptly upon payment, Defendant shall provide written notice thereof to the United States at the addresses specified in Section X of this Consent Decree.

20. Defendant shall not deduct any penalties paid under this Consent Decree (whether pursuant to this Section or the Section regarding stipulated penalties) in calculating any federal income tax owed.

B. INJUNCTIVE RELIEF

21. Prohibitory Injunction. Defendant and its agents, successors, and assigns are permanently enjoined from disturbing any and all wetlands or other waters of the United States located either within the boundary of the Site or on any property located directly adjacent to the boundary of the Site by performing any activity (such as dredging, filling, land clearing, tillage or other land development or

7

construction work) on the Site or such directly adjoining property which, if such activity were performed, would result in the discharge of dredged or fill material to waters of the United States, unless: (1) such discharge of dredged or fill material has been authorized by a nationwide, regional general, or individual CWA section 404 permit; or (2) Defendant, before initiating any such work, provides written notification to the Corps describing the location and extent of the proposed work and obtains from the Corps: (1) a determination that no CWA section 404 permit is required for the proposed work; or (2) a verification of the applicability of a nationwide or regional general CWA section 404 permit; or (3) an individual CWA section 404 permit.

22. <u>Mitigation</u>. Defendant shall effect compensatory mitigation by purchasing 4.28 freshwater herbaceous wetland mitigation credits from the Tampa Bay Mitigation Bank or the Myakka Mitigation Bank within thirty (30) days of the Effective Date of this Consent Decree. Promptly upon completing this obligation, Defendant shall provide written notice thereof to the United States at the addresses specified in Section X of this Consent Decree.

## VI. <u>RETENTION OF RECORDS AND ACCESS</u>

23. Until three (3) years after termination of this Consent Decree pursuant to Section XIV, Defendant shall retain, and shall instruct its contractors, consultants, and other agents to preserve, all non-identical copies of all documents, records, or other information (including electronically stored information) in its or its contractors' or other agents' possession or control, or that come into its contractors' or other agents' possession or control, and that relate in any manner to Defendant's performance of its obligations under this Consent

Decree. At any time during this information-retention period, upon request by the United States, Defendant shall provide copies of any documents, records, or other information required to be maintained under this Paragraph. If Defendant asserts that any information is protected from disclosure under any privilege or protection recognized by federal law, and the United States disputes such assertion, the dispute may be resolved in accordance with Section VII of this Consent Decree.

24. This Consent Decree in no way limits or affects the United States' or the Corps' otherwise existing rights of entry and inspection or any right to obtain information, nor does it limit or affect any otherwise existing duty or obligation of Defendant to maintain documents, records, or other information.

## VII. DISPUTE RESOLUTION

25. Unless otherwise expressly provided for in this Consent Decree, the Parties shall attempt to resolve any and all disputes arising under or with respect to this Consent Decree through the dispute resolution procedures of this Section ("Dispute Resolution").

26. A dispute shall be considered to have arisen when a written Notice of Dispute is transmitted to the opposing party at the addresses specified in Section X. Such Notice of Dispute shall state clearly the matter in dispute.

27. If after 30 Days of transmittal of the Notice of Dispute, the complainant concludes that the Parties have reached an impasse, then the complainant may seek resolution of the dispute by the Court. The Parties may continue to attempt to resolve the Notice of Dispute while the matter is pending before the Court.

28. The invocation of Dispute Resolution procedures under this Section

9

shall not, by itself, extend, postpone, or affect in any way any obligation of Defendant under this Consent Decree, unless and until final resolution of the dispute so provides. Stipulated penalties and interest, if applicable to the disputed matter, shall continue to accrue from the first Day of violation, but payment shall be stayed pending resolution of the dispute as provided in Section X of this Consent Decree. If Defendant does not prevail on the disputed issue, stipulated penalties and interest, if applicable, shall be assessed and paid as provided in Section X of this Consent Decree. If determined by the Court that Defendant did not violate the Consent Decree, no stipulated penalty or interest shall be assessed.

## VIII. **FORCE MAJEURE**

29. "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Defendant, of any person controlled by Defendant, or of Defendant's contractors or consultants that delays or prevents the performance of any obligation under this Consent Decree despite Defendant's best efforts to fulfill the obligation.

30. If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Defendant shall provide notice to the United States, at the addresses specified in Section X, within a reasonable time after Defendant first knows or should know that the event might cause a delay. Defendant shall also provide an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Defendant's rationale for attributing such delay to a force

majeure event if it intends to assert such a defense; and a statement as to whether, in the opinion of Defendant, such event may cause or contribute to an endangerment to public health, welfare or the environment. Defendant shall include with any written notice required by this Section all relevant documentation.

31. If the United States agrees in writing that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event may be extended for such additional time as may be necessary to complete those obligations under the circumstances.

32. If the United States does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, or does not agree to the extension of time sought by Defendant, then Defendant may invoke Dispute Resolution procedures of this Consent Decree.

33. If Defendant invokes Dispute Resolution procedures of this Consent Decree, Defendant shall have the burden of demonstrating that the delay or anticipated delay has been or will be caused by a force majeure event; the number of Days of delay or anticipated delay that was or will be caused by such force majeure event; that the duration of the delay or the extension sought was or will be warranted under the circumstances; that Defendant could not have foreseen and prevented such delay; that Defendant exercised best efforts to prevent, avoid, minimize and mitigate the delay and its effects; and that Defendant complied with the requirements of this Section.

## IX.   **STIPULATED PENALTIES**

34. Defendant shall be liable for stipulated penalties to the United

11

States for violations of this Consent Decree in accordance with this Section, unless excused under Section VIII (Force Majeure). A violation includes failing to perform any obligation required by this Consent Decree within the specified time schedules established by or approved under this Consent Decree.

35. Stipulated penalties shall accrue for violating this Consent Decree in the amount of three thousand dollars ($3,000) per Day for each Day that the violation persists.

36. Stipulated penalties under this Section shall begin to accrue on the Day a violation occurs and shall continue to accrue until the violation ceases.

37. Except as provided in this Section, Defendant shall pay any stipulated penalty within thirty (30) Days of receiving the United States' written demand. Defendant shall make any such payment in accordance with written instructions to be provided by the United States. Upon such payment, Defendant shall provide written notice thereof to the United States at the addresses specified in Section X of this Consent Decree.

38. The United States may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

39. Any dispute concerning the amount of stipulated penalties or the underlying violation that gives rise to the assessment of stipulated penalties is subject to the Dispute Resolution provisions of this Consent Decree. Stipulated penalties disputed by Defendant and any applicable interest shall continue to accrue as provided in this Consent Decree, but need not be paid until the following:

    a. If the dispute is resolved by agreement between the Parties,

      Defendant shall pay the amount due under such agreement, together with any applicable interest, to the United States within thirty (30) Days of the effective date of the agreement.

   b. If the dispute is taken to this Court, Defendant shall pay all accrued penalties determined by the Court to be owing, together with any applicable interest, to the United States within thirty (30) Days of receiving the Court's decision, except as provided in subparagraph c, below.

   c. If any party appeals the Court's decision, Defendant shall pay all accrued penalties determined to be owing, together with any applicable interest, to the United States within fifteen (15) Days of receiving the final appellate decision.

40. If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

41. The payment of stipulated penalties and interest, if any, shall not alter in any way Defendant's obligation to complete performance of the requirements of this Consent Decree.

42. Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Decree. Subject to the provisions of Section IV, the United States expressly reserves the right to seek any other relief it deems appropriate for Defendant's violation of this Consent Decree or applicable law, including but not limited to an action against Defendant for statutory penalties, additional injunctive

relief, mitigation or offset measures, and/or contempt. However, the amount of any statutory penalty assessed for a violation of this Consent Decree shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Consent Decree.

## X.   NOTICES AND COMMUNICATIONS

43.   All notices and communications required under this Consent Decree shall be made to the Parties through each of the following persons and addresses:

    a.   TO THE UNITED STATES:

        i.   TO THE DEPARTMENT OF JUSTICE:

Chief, Environmental Defense Section Attention: Martin McDermott, Attorney United States Department of Justice Environment & Natural Resources Division
P.O. Box 7611
Washington, DC 20044
(202) 514-4122 (p)
(202) 514-8865 (f)
martin.mcdermott@usdoj.gov
efile_eds.enrd@usdoj.gov

        ii.   TO THE CORPS:

Joshua Holmes-- joshua.r.holmes@usace.army.mil
Principal Assistant District Counsel for Regulatory
U.S. Army Corps of Engineers, Jacksonville District
701 San Marco Boulevard
Jacksonville, FL 32207
(904) 232-2015 (t)

Tracy Hurst
Regulatory Division, Enforcement Section
U.S. Army Corps of Engineers, Jacksonville District
10117 Princess Palm Avenue, Suite 120
Tampa, FL 33610-8302
(813) 769-7063
tracy.e.hurst@usace.army.mil

    b.    <u>TO DEFENDANT</u>

        (i)    Ted Harbour
             Senior Vice President and Chief Legal Officer
             D.R. Horton, Inc.
             1341 Horton Circle
             Arlington, Texas 76011
             (817) 390-8200
             tharbour@drhorton.com

        (ii)    Edward R. Perez
             Vice President and Environmental Manager
             D.R. Horton, Inc.
             1341 Horton Circle
             Arlington, Texas 76011
             (817) 390-8200
             eperez@drhorton.com

        (iii)    Charbel Barakat
             D.R. Horton, Inc.
             12602 Telecom Drive
             Tampa, Florida 33637
             (407) 850-3027
             cbarakat@drhorton.com

        (iv)    Darren Saltzberg
             D.R. Horton, Inc.
             12602 Telecom Drive
             Tampa, Florida 33637
             (813) 549-1920
             dsaltzberg@drhorton.com

        (v)    Jonathan Bull
             Jackson Walker LLP
             2323 Ross Avenue
             Dallas, Texas 75201
             (214) 953-6031
             jbull@jw.com

44.    Any Party may, by written notice to the Parties, change its designated notice recipient or notice address provided above.

45. Notices submitted pursuant to this Section shall be deemed submitted upon mailing or email, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XI. COSTS OF SUIT

46. The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including reasonable attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendant.

## XII. PUBLIC PARTICIPATION

47. This Consent Decree shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate. Defendant consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Decree.

## XIII. MODIFICATION

48. The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to any term of this Consent Decree, it shall be effective only upon the Court's approval.

## XIV. **TERMINATION**

49. This Consent Decree terminates once Defendant completes its obligations under Paragraphs 18, 19 and 22 of this Consent Decree and—if stipulated penalties have been sought by the United States before completion of such obligations—Paragraphs 34 through 42 of this Consent Decree.

50. Irrespective of Paragraph 49 above, termination of this Consent Decree does not extinguish the prohibitory injunction set forth in Paragraph 21 above.

## XV. **SIGNATURES/SERVICE**

51. Each representative of Defendant and the United States Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the party he represents to this document.

52. This Consent Decree may be signed in counterparts, such counterpart signature pages shall be given full force and effect, and its validity shall not be challenged on that basis. Defendant agrees to accept service of process by mail with respect to the Complaint and all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XVI. **INTEGRATION**

53. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree and supersedes any prior agreements and

17

understandings, whether oral or written, concerning the settlement embodied herein. Other than Appendices hereto and modifications made effective in accordance with Section XIII of this Consent Decree, the Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

### XVII. FINAL JUDGMENT AND RETENTION OF JURISDICTION

54. Upon its approval and entry by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Defendant. The Parties waive any rights to appeal such final judgment.

55. This Court retains jurisdiction over this action for the purpose of resolving disputes arising under this Consent Decree, or entering orders modifying this Consent Decree, or effectuating or enforcing compliance with the terms of this Consent Decree.

56. The Clerk is directed to close this case.

### XVIII. APPENDICES

57. Appendices A and B, which show the location of the Site and provide a legal description for it, are attached to and part of this Consent Decree.

IT IS SO ORDERED

Dated, entered, and made effective this 19th day of February, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge